## FOUCHER vs. LEEDS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Although a lease be cancelled, if the lessee remains in possession, he is liable for the rent, on a tacit reconduction, in the same manner as if he had held over, after the lapse of the time for which he had obtained the lease.

Judgment can only be given for the rent due at its date.

The plaintiff had leased to the defendant a lot of ground, and afterwards caused the lease to be annulled by a judgment to that effect, rendered against the defendant. Notwithstanding this judgment, the defendant retained possession of the lot, and the present suit was brought to recover the rent, at the rate of thirty dollars per month, being the price agreed upon when the lot was first leased. The defendant pleaded in avoidance the judgment by which the lease was annulled, and denied having rented the lot since the rendition of the judgment. The plaintiff introduced

Eastern District,
May 1831.

FOUCHER
vs
LEEDS

parol proof to show that thirty dollars per month was the price at which the lot was first leased; that it was well worth that sum, and that the defendant had occupied the lot since the rendition of the judgment annulling the lease. To the introduction of this testimony, the defendant objected, on the ground that it was illegal and irrelevant to the pleadings. The objection was overrulled and the defendant excepted. The court *a qua* gave judgment in favor of the plaintiff, for the amount of the rent due—and further decreed, that the defendant pay rent at the rate of thirty dollars per month, until he delivered possession of the lot to the plaintiff. The defendant appealed.

*Carleton* and *Lockett*, for appellant.

*Seghers*, for appellee.

*Martin, J.*, delivered the opinion of the court.

The plaintiff claims the rent of a lot of his ; the defendant pleaded the general issue, and if he ever rented the plaintiff's lot, the lease was annulled by a judgment.

The plaintiff had judgment for the rent, till the day of the inception of the suit, with interest from the date of the judgment, till paid, and for the rent, from the day of the inception of the suit, till the defendant surrenders the possession of the lot. The defendant appealed.

It is in evidence, that the defendant leased the lot at $ 30 per month, that the lease was set aside by a judgment obtained by the plaintiff, but the defendant still occupies the lot.

Although a lease be cancelled, if the lessee remain in possession, he is liable for the rent on a tacit reconduction, in the same manner as if he had held over after the lapse of the time for which he had obtained the lease.

Objection was made to the introduction of parol evidence, to show the value of the lot on rent, as the lease is proven to have been set aside, and there is no claim on a *quantum valebat*, nor any averment of the value of the rent.

It is in evidence, that after the lease was set aside, the defendant remained in posession, and he thereby became liable to the plaintiff's claim, on a tacit in contradietion, in the

same manner as he had held over, after the lapse of the time for which he had obtained the lease.

But the judge, in our opinion, erred in giving judgment for the rent beyond the date of it; for we are ignorant of any manner in which the officer who issued the execution, as he who carries it into effect, may assertain whether the defendant held possession beyond the date of the judgment, or for how long.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the plaintiff recover from the defendant the sum of eight hundred and seventy dollars, for the rent of his lot, to the last day of December, 1830, with interest at five per centum thereon till paid, with costs below, but that the appellee pay costs in this court.

*Eastern District, May 1831.*

**FOUCHER**
*vs.*
**LEEDS.**

Judgment can only be given for the rent due at its date.